IN THE UNITED STATES DISTRICT COURT
For The Western District of Virginia

Jorge Cruz
   Plaintiff,

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 06 2022
JULIA C. DUDLEY, CLERK
BY: _____
   DEPUTY CLERK

COMPLAINT
Civil Action No. 7:22-cv-00374

v.

Town of Hurt via Mayor Gary Hodnett,
Town of Hurt Chief of Police Michael Lovelace,
Police Officer for the Town of Hurt Thomas Sawyer,
   Defendants,

I. JURISDICTION & VENUE

1.   This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.   The United States District Court For The Wester District of Virginia is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because

is where the events giving rise to this claim occurred.

## II PLAINTIFF

3. Plaintiff, Jorge Cruz is and at all times mentioned herein a resident of the state of Virginia, and a citizen of the Town of Hurt. He is currently a citizen of the Town of Hurt Virginia.

## III DEFENDANTS

4. Defendant, The Town of Hurt, via Mayor Michael Lovelace, is legally responsible for the overall operation of the Departments under its jurisdiction, including the Town of Hurt's police Department.

5. Defendant, Gary Hodnett is the Chief of police for the Town of Hurt's police Department. He is legally responsible for the operation of the Town of Hurt's police Department and for the welfare of the citizens in that Town.

6. Defendant, Thomas Sawyer is a Police Officer of the Town of Hurt who, at all times mentioned herein this Complaint, held the rank of Officer and was assigned to the Town of Hurt.

7. Each Defendant is sued individually and in his [or her] official Capacity. At all times mentioned in this Complaint each defendant acted under the Color of State law.

## III FACTS

8. On January 22, 2022 during the Commission of the Plaintiff's arrest, the Plaintiff asked one of the officers if he could try some of the officer's dipping tobacco, however, the Plaintiff had never tried dipping tobacco before.

9. At a later point in time, the Plaintiff began to get really sweaty and sick in response to the dipping tobacco. Thus, the Plaintiff ultimately vomited uncontrollably.

10. Some of the Plaintiff's vomit inadvertently made Contact with Officer Thomas Sawyer's Shoe(s).

11. Out of anger which was in direct response to the Plaintiff's vomit making accidental contact with Officer Thomas Sawyer's shoe(s), Officer Sawyer got up from his seat, grabbed the Plaintiff up out of his seat, and then maliciously shoved the Plaintiff face forward into a wall.

12. As a matter of fact, handcuffs were still applied to the Plaintiff's person when Officer Thomas Sawyer maliciously shoved the Plaintiff face forward into a wall. Thus, the Plaintiff was completely defenseless and had absolutely no way to brace himself before his person made violent contact with the wall.

13. As a direct result of Officer Thomas Sawyer maliciously shoving the Plaintiff face forward into a wall, the Plaintiff suffered a severe nose injury.

14. Following the incident on January 22, 2022, the Plaintiff was transported to the hospital, so medical records are in existence.

15. Upon information and belief, police officer body camera and other general department footage is available.

<u>Brief</u>

Established case law declares, "Force is not considered excessive if it is objectively reasonable under the circumstances facing a police officer" *Neiswonger v. Hennessy*, 89 F. Supp. 2d 766 (N.D.W. Va 2000). Therefrom, the Plaintiff contends that on January 22, 2022 his act of vomiting was strictly an uncontrollable reaction to the dipping tobacco that one of the officers had given him during the commission of his arrest. So, the vomit that made contact with Officer Thomas Sawyer's shoe(s) was a complete accident. Thus, Officer Sawyer's use of force in response to the Plaintiff's vomit making inadvertent contact with his shoe(s) was not objectively reasonable under the circumstances facing the officer. Moreover, Officer Sawyer's use of force was not applied in a good faith effort to maintain or restore discipline, but instead was used maliciously and sadistically to cause harm in the form of "the unnecessary and wanton infliction of pain. In *Hudson v. McMillian*, 503 U.S. 1 (1992), the Court held that an officer's use of force violates the Eighth Amendment when it is not applied "in a good faith effort to maintain or restore discipline," but instead is used to "maliciously and sadistically cause harm."

As a matter of fact, "the" Plaintiff suffered a severe nose injury as a direct result of Officer Thomas Sawyer's use of excessive force. Howbeit, in Wilkins v. Gaddy, 559 U.S. 34 (2010) the Court established that, "To prevail on an excessive force claim you must show that more force was used by an officer than justified given the situation, but you do not have to show injury. It is usually enough to show harm, even if injuries are relatively minor."

Continually, it is well settled, "An unlawful arrest or an arrest utilizing excessive force is a battery because that touching is not justified or excused and therefore is unlawful. Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E. 2d. 887, 888 (1998).

Officer Thomas Sawyer's use of force that was applied to the Plaintiff's person on January 22, 2022 was excessive and therefore constitutes cruel and unusual punishment, in violation of the Eighth Amendment under the United State Constitution. For this reason, anyone's motion to dismiss my case should be denied. Respectfully,
Jorge Cruz

## IV. LEGAL CLAIMS

16. Plaintiff's reallage and incorporate paragraphs 1-15 and Brief.

17. Defendant's Town of Hurt via 'Mayor Gary Hodnett and Chief of Police Michael Lovelace' are legally liable for Officer Thomas Sawyer's use of excessive force that the police department's officer applied to the Plaintiff's person on January 22, 2022 which violated Plaintiff Jorge Cruz's rights and constitute Cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

18. Defendant Officer Thomas Sawyer's use of excessive force that the Officer applied to the Plaintiff's person on January 22, 2022 violated Plaintiff Jorge Cruz's rights and Constituted Cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

19. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgement granting Plaintiff:

20. A declaration that the acts and omissions described herein herein violated Plaintiff's rights under the Constitution and laws of the United States.

21. A preliminary and permanent injunction ordering Defendant's to authorize a complete investigation via an impartial authority, which may conclude with full criminal action being enforced against any and all guilty parties.

22. Compensatory damages in the amount of $1 Million Dollars against each Defendant, jointly and severally.

23. Punitive damages in the amount of $1 Million Dollars against each Defendant, jointly and severally.

24. A jury trial on all issues triable by jury.

25. Plaintiff Cost in this suit.

26. Any additional relief this Courts deems just, proper, and equitable.

Dated: 6-28-2022

Respectfully submitted,
Jorge Cruz
X Jorge Cruz

L.A.D.C. P.O. Box 6018
Lynchburg, Va 24504

E. Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes.** If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

Officer Thomas Sawyer of the Town of Hurt's Police Department use of excessive force against the Plaintiff caused irreparable and continuous injury to the Plaintiff Jorge Cruz (Eighth Amendment to U.S. Const.)

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

The Town of Hurt via Gary Hodnett and Police Chief Michael Lovelace's deliberate indifference to Officer Thomas Sawyer's use of force against the Plaintiff Jorge Cruz's person has caused irreparable and continuous injury to Plaintiff Jorge Cruz (Eighth Amend. under U.S. Constitution.

F. State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

Compensatory, Punitive, and Nominal Relief

G. If this case goes to trial do you request a trial by jury? Yes ✓ No ___

H. If I am released or transferred, I understand it is my responsibility to immediately notify the court in writing of any change of address after I have been released or transferred or my case may be dismissed.

DATED: 6-28-2022    SIGNATURE: /s/ Jorge Cruz

VERIFICATION:
I, Jorge Cruz, state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED: 6-28-2022    SIGNATURE: /s/ Jorge Cruz

# VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at The Lynchburg Adult Detention Center on 6-28-2022.

x Jorge Cruz

*Jorge Cruz*
Pro Se, Plaintiff

Jorge Cruz

L.A.D.C. P.O. Box 6018

Lynchburg, VA 24504

Clerk, Unit

210 Fran

Roanoke, V

ᵈ States District Court

'ⁿ Rd., S.W, Suite 540

'4 /l-2208

BLUE RIDGE REGIONAL JAIL AUTHORITY - LADC INMATE MAIL